UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GARCIA II,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>               Defendant. | Case No. ED CV 12-1365-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when she relied on the vocational expert's testimony that Plaintiff could work as an electronics worker and parking lot attendant, despite the fact that these jobs require frequent reaching and Plaintiff is not able to reach overhead. Plaintiff also complains that the ALJ's limitation on exposure to hazards precludes him from performing either job because both involve hazardous conditions. For the following reasons, the

ALJ's decision is reversed and the case is remanded to the Agency for further consideration.

## II. SUMMARY OF PROCEEDINGS

In June 2008, Plaintiff applied for DIB and SSI, alleging that he was disabled as of July 2007, due to a neck injury, diabetes, liver disorder, respiratory disorder, and obesity. (Administrative Record ("AR") 125-31, 147, 158, 161-62, 173-74.) After his applications were denied initially and on reconsideration, he requested and was granted a hearing before an ALJ. (AR 69-85, 86-87.) On September 23, 2010, he appeared with counsel at the hearing. (AR 28-68.) On January 4, 2011, the ALJ issued a decision denying benefits. (AR 15-23.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3, 10.) This action followed.

## III. ANALYSIS

Plaintiff contends that the ALJ's determination that he could work as an electronics worker and parking lot attendant was inconsistent with her finding that he had to avoid all hazards and was unable to reach overhead with either arm. (Joint Stip. at 3-8.) For the following reasons, the Court agrees and remands the case for further consideration.

Once a disability claimant has established that he can no longer perform his past work, the burden shifts to the Agency to show that he can perform other jobs that exist in substantial numbers in the national economy. *Bray v. Astrue*, 554 F.3d 1219, 1223 (9th Cir. 2009). To meet this burden, the Agency can rely on the testimony of a vocational expert. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). If the ALJ relies on a vocational expert, however, she is required to insure that the vocational expert's testimony is

1  consistent with the Dictionary of Occupational Titles ("DOT") by
2  asking the vocational expert if there is a conflict.  *See* Social
3  Security Ruling ("SSR") 00-4p; *see also Massachi v. Astrue*, 486 F.3d
4  1149, 1152-54 (9th Cir. 2007).  Where there is a conflict, the ALJ may
5  not rely on the vocational expert's testimony unless the vocational
6  expert is able to provide a reasonable explanation for the conflict.
7  SSR 00-4p; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).
8      The ALJ determined that Plaintiff was incapable of performing his
9  past work as a diesel mechanic but could perform light work that did
10 not require exposure to hazards.  (AR 18, 21.)  The Agency's
11 definition of "hazards" includes moving mechanical parts of equipment,
12 tools, or machinery and exposure to toxic, caustic chemicals.  SSR 96-
13 9p, 1996 WL 374185, *9.  The vocational expert determined that,
14 despite these limitations, Plaintiff could perform the job of
15 electronics worker.  (AR 67.)  This job requires working with, among
16 other things, power tools and toxic, caustic chemicals.  (DOT No.
17 726.687-010.)  Thus, it appears that the vocational expert's testimony
18 that Plaintiff could perform the job of electronics worker was in
19 direct conflict with the DOT.  Unfortunately, the ALJ did not ask the
20 vocational expert whether there was a conflict and Plaintiff's counsel
21 failed to prompt her to do so.  (AR 66-68.)  This failure on both of
22 their parts requires remand so that the question can be asked and
23 answered.
24     The electronics worker job also requires a worker to frequently
25 reach (DOT No. 726.687-010), which Plaintiff contends means reaching
26 "in any direction" under SSR 85-15.  (Joint Stip. at 5.)  Because the
27 ALJ restricted Plaintiff from reaching overhead, he argues that he is
28 precluded from working as an electronics worker.  The Agency counters

that reaching does not necessarily require reaching overhead and points out that the Court has ruled to this effect in *Rodriguez v. Astrue*, No. CV 07-2152-PJW, 2008 WL 2561961 (C.D. Cal. Jun. 25, 2008).

The Court agrees that in *Rodriguez* it did so hold but notes that in *Rodriguez* the ALJ had asked the vocational expert if there was a conflict with the DOT and the vocational expert testified that there was none. Here, the ALJ never inquired. Further, there is a conflict between the DOT and the vocational expert's testimony with regard to the hazards, which was not the case in *Rodriguez*, and, therefore, the Court does not have confidence in the ALJ's decision that it did in that case. For these reasons, the Court is unwilling to extend *Rodriguez* to the case at bar.

The second job that the vocational expert determined that Plaintiff could perform was the job of parking lot attendant, DOT No. 915.473-010. This job, too, requires an ability to frequently reach, which Plaintiff contends he cannot do because he cannot reach overhead. The Agency, again, argues that there is no actual conflict between the DOT and the vocational expert's testimony and cites to the Court's previous holding in *Rodriguez* to support its argument.

Though it seems to defy common sense that a claimant's inability to reach overhead would preclude him from working as a parking lot attendant--which seems to involve only reaching in front or to the side to hand a motorist a ticket or to take payment for parking--there is, at the least, a potential conflict between the DOT and the vocational expert's testimony and the vocational expert never weighed in on the issue. As such, the Court cannot conclude that the ALJ's failure to ask the vocational expert if there was a conflict was harmless. *See, e.g., Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d

1050, 1055 (9th Cir. 2005) (explaining harmless error is error that is inconsequential to ultimate nondisability determination).  For this reason, this issue, too, is remanded for further consideration.[1]

## IV.  CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further consideration.

IT IS SO ORDERED.

DATED: August 28, 2013.

/s/ Patrick J. Walsh

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\GARCIA, 1365\Memorandum Opinion and Order.wpd

---

[1] Plaintiff argues that the ALJ's limitation on working with hazards also prevents him from performing the parking lot attendant job because a parking lot attendant is required to prevent cars from being stolen and, in the event that someone tried to steal a car from Plaintiff's lot, he would be exposed to a "hazardous situation," i.e., a car theft. (Joint Stip. at 7.)  This argument is rejected out of hand.  The possibility that someone could enter the workplace and commit a crime is, sadly, a potential hazard that all of us face, from parking lot attendants to judges to teachers.  That possibility, however, is not enough to transform all work sites into hazardous environments under the DOT.  As the Agency sets out in the brief, SSR 96-6p defines "hazards" as "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals."  1996 WL 374185, at *9.  There is nothing in the DOT description of job duties of parking lot attendant that suggests that a worker would be exposed to these types of hazards in that job.  As such, this argument is rejected.